IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Jacki Harasym and Rick Harasym, | ) | |
| | ) | Civil No.: 4:09-cv-036 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **(AMENDED) SCHEDULING AND** |
| | ) | **DISCOVERY PLAN** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

An initial pretrial/discovery conference will be held in this case on September 28, 2009.  Pursuant to Rule 26(f), counsel for the parties certify that on September 23, 2009, they conferred to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and developed a proposed discovery plan.  After conferring, counsel for the parties agree to the following:

     1.    The parties shall make by **November 1, 2009**, Rule 26(a)(1) disclosures.

     2.    The issues on which the parties need to conduct discovery are:  Alleged negligence, liability and damages as well medical history.

     3.    The parties shall have until **June 15, 2010**, to complete fact discovery and to file discovery motions.

     4.    Both parties shall have until **May 15, 2010**, to identify the subject matter/discipline of expert witnesses to be used at trial.  (Identification to be served on other parties, but not filed with the court.)

     5.    Both parties shall have until **August 1, 2010**, to provide the names of expert witnesses and complete reports under Rule 26(a)(2).  (Treating physicians need not prepare reports, only qualifications, unless they will express opinions not reflected in the medical records.)  (Reports to be served on other parties, but not filed with the court.)  The parties shall have until **September 15, 2010**, to complete discovery depositions of expert witnesses.

6. The parties shall have until **March 15, 2010**, to move to join additional parties.

7. The parties shall have until **March 15, 2010**, to move to amend pleadings to add claims or defenses, except for claims for punitive damages for which the deadline is not applicable.

8. The parties shall have until **March 15, 2010**, to file other non-dispositive motions (e.g., consolidation, bifurcation).

9. The parties shall have until **July 30, 2010**, to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations). Discovery shall not be stayed during the pendency of such motions.

10. The parties shall have until **July 30, 2010**, to file motions regarding failure to exhaust administrative remedies and until March 31, 2008, to file other dispositive motions (summary judgment as to all or part of the case).

11. Each party shall serve no more than 25 interrogatories, including subparts. No broad contention interrogatories (i.e., "List all facts supporting your claim that . . .") shall be used.

12. Each side shall take no more than 10 discovery depositions.

13. Depositions taken for presentation at trial shall be completed 10 days before trial.

14. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution. The following option(s) would be appropriate in this case:
        ___ arbitration
        √ mediation (choose one):
            ___ private mediator
            √ court-hosted early settlement conference - should the conference be held before a judge who will not be the trial judge?

                ___ yes
                √ doesn't matter
        ___ early neutral evaluation before (choose one):
            ___ judge other than trial judge
            ___ neutral technical expert

      \_\_\_\_ neutral attorney
      \_\_\_\_ other (specify) _____.
      \_\_\_\_ none (explain reasons)

The parties shall be ready to evaluate the case for settlement purposes by **November, 2010.** (If an ADR option other than a court-hosted settlement conference is chosen, counsel shall designate one of themselves to report back to the magistrate judge that the ADR effort was completed and whether or not it was successful. The Court reminds the parties that early involvement in ADR is voluntary, not mandatory. Participation in ADR is encouraged by the court but is not required except for a settlement conference shortly before trial.)

15. A mid-discovery status conference may be helpful in this case.

16. The parties will not voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

17. Trial of this case will be a bench trial.

18. The estimated length of trial is 3-5 days.

Dated this 23rd day of September, 2009.

            /s/
            Anthony J. Weiler
            Maring Williams Law Office, P.C.
            400 East Broadway, Suite 307
            P.O. Box 795
            Bismarck, ND  58502-0795
            (701) 224-0430
            North Dakota ID: 05510

Dated this 23rd day of September, 2009.

        LYNN C. JORDHEIM
        Acting United States Attorney


By:  /s/
    CAMERON W. HAYDEN
    Assistant United States Attorney
    P. O. Box 699
    Bismarck, ND  58502-0699
    (701) 530-2420
    N.D. Bar Board ID No. 03903
    Attorney for United States

**O R D E R**

The above scheduling/discovery plan is approved with the following additions and/or modifications:

10. The parties shall have until July 30, 2010, to file motions regarding failure to exhaust administrative remedies and until July 30, 2010, to file other dispositive motions (summary judgment as to all or part of the case)

Dated this 28th day of September, 2010.

                                                */s/  Charles S.  Miller, Jr.*
                                                Charles S.  Miller, Jr.
                                                United States Magistrate Judge